IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JASON CORY FREGIA | § | |
| VS. | § | CIVIL ACTION NO. 1:09-CV-781 |
| UNITED STATES OF AMERICA | § | |

ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, Jason Cory Fregia, a former federal inmate, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and a petition for a writ of coram nobis.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and petition for writ of coram nobis be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Movant filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Background

On September 6, 2007, movant was charged by indictment with making false statements in violation of 18 U.S.C. § 1001, in Cause No. 1:07-CR-173. The indictment alleged that the false statements were made on Small Business Administration (SBA) economic injury disaster loan application forms submitted by movant and his wife, Marianna Miller. The statements were made in support of a loan application for a $25,800.00 SBA disaster loan. Movant pled not guilty.

After a jury trial, movant was found guilty on January 16, 2008, and was ultimately sentenced two (2) months of incarceration followed by three (3) years of supervised release.

Movant filed a notice of appeal on April 29, 2008. The Fifth Circuit affirmed the conviction on December 15, 2008. *United States v. Miller, et al.*, 305 Fed. Appx. 184 5th Cir. 2008). The present motion to vacate, set aside or correct sentence and petition for writ of coram nobis was filed on August 14, 2009.

Objections

*SBA Document*

Movant objects to the Magistrate Judge's finding that movant has failed to establish the government committed a *Brady* violation with respect to the SBA document. But, movant has failed to establish the authenticity of the printout that he now asserts the government withheld. Movant forgets that one must show that admissible evidence exists or existed in order to establish the elements of a Brady violation: (1) the prosecution suppressed evidence, (2) the evidence was favorable, (3) the evidence was material to either guilt or punishment, and (4) discovery of the allegedly favorable evidence was not the result of a lack of due diligence. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Mahout*, 106 F.3d 89, 94 (5th Cir. 1997); *Blackman v. Scott*, 22 F.3d 560, 564 (5th Cir. 1994), *cert. denied*, 513 U.S. 1060, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994). Movant appears to now argue in his objections that the government failed to seek out this information that was allegedly readily available to it and disclose it to the defense. Given the lack of authentication of the document now in question, movant has failed to show this information existed, let alone that it was actually available to the prosecution for discovery. Even assuming the information was readily available to the government, which this Court does not find, movant has failed to show the evidence was actually favorable to his defense as discussed by the Magistrate Judge in his Report and Recommendation. Movant acknowledges in his own pleadings that he had no knowledge of

the document's existence until after trial. As such, movant could not have relied upon it in making the alleged false statements to the SBA that he owned the property at issue. Furthermore, the document does not in and of itself establish movant had any legal right to the land. Movant has simply failed to establish a reasonable probability that this evidence would have changed the result of the trial and the objection is overruled. *See Strickler v. Greene*, 527 U.S. 263, 291, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (the defendant has the burden to establish a reasonable probability that the evidence would have changed the result).

*Affidavit of Robert B. Dunham*

Movant next objects to the Magistrate Judge's finding that movant failed to establish the government presented perjured evidence and testimony when it submitted evidence at trial allegedly not related to Block 51. In order to establish the prosecution used perjured testimony, movant must show that (1) the evidence was false; (2) that the evidence was material; and (3) that the prosecution knew that the evidence was false. *United States v. Blackburn*, 9 F.3d 353, 357 (5th Cir. 1993), *cert. denied*, 513 U.S. 830, 115 S.Ct. 102, 130 L.Ed.2d 51 (1994); *Shaw v. Estelle*, 686 F.2d 273, 275 (5th Cir. 1982), *cert. denied*, 459 U.S. 1215, 103 S.Ct. 1215, 75 L.Ed.2d 453 (1983). Contrary to movant's argument, the evidence he now puts forth does not establish the prosecution actually knew the evidence they presented at trial was false, an essential element to such a claim. This objection, therefore, is also overruled.

*Carpenter Inventory List & Results of Title Search of Block 51*

Movant also objects to the Magistrate Judge's finding that movant has failed to establish the government committed prosecutorial misconduct when it presented allegedly perjured testimony by Hunter Carpenter. Movant further objects to the finding that the government did not commit a *Brady* violation with respect to the Carpenter Inventory List and the results of the title search of Block 51. Movant now argues both establish Hunter Carpenter committed perjury and that the prosecution knew or should have known the testimony was perjured.

First, movant has failed to show the testimony by Hunter Carpenter was actually false or perjured. More importantly, movant has failed to demonstrate that the prosecution knew the testimony by Hunter Carpenter was false. Contrary to movant's assertion, this new evidence does not conclusively establish Hunter Carpenter testified falsely or intentionally perjured himself on the stand. With respect to movant's argument that the government committed a *Brady* violation concerning these documents, movant has failed to make any showing that there was a reasonable probability that this new evidence would have changed the result of the trial. *See Strickler v. Greene*, 527 U.S. 263, 291, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Again, movant appears to now argue the government failed to seek out this information that was allegedly readily available to it and disclose it to the defense. Even if this information was disclosed and presented at trial and used for impeachment purposes, and assuming *arguendo* that it actually showed the Carpenters did not own the land at issue, it does not in show that movant himself owned the land or had any arguable legal right to the land to support such a statement to the SBA – the crux of the charges against movant was that he made false statements to the SBA that he owned the property at issue. The overwhelming evidence at trial was that movant did not ever own or have any right to the land. Thus, movant has failed to show that is a reasonable probability that this new evidence would have changed the result of the trial. These objections are also, therefore, overruled.

*Warranty Deed by Alex Stephens*

Movant objects to the Magistrate Judge's finding that movant failed to show that the warranty deed presented by Alex Stephens and the prosecution was false and thus the prosecution presented perjured testimony. Again, contrary to movant's assertions, the evidence he now puts forth does not in fact show that the evidence in question was actually false and that the prosecution actually knew the evidence presented at trial was false. Movant's claim for prosecutorial misconduct is without merit and his objections are overruled.

*Ineffective Assistance of Counsel for Failure to Discover the SBA Document*

As outlined above, movant has failed to establish the authenticity of the SBA document he now presents. Based on the present record, there is no indication that the document existed at the time of trial and that counsel could or should have discovered the document. As such, movant has failed to show deficient performance. Furthermore, movant cannot show prejudice as he concedes he did not know of the documents existence until after trial and thus could not have relied on it in making the alleged false statements to the SBA. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This objection, in turn, is overruled.

*Ineffective Assistance of Counsel for Failure to Call Robert B. Dunham to Testify*

As the Magistrate Judge stated in his Report and Recommendation, movant's attorney contacted Robert B. Dunham to discuss his potential effectiveness as a witness and after holding a phone conversation with him, chose not to call him as a witness. First, ineffective assistance of counsel claims based upon uncalled witnesses are disfavored. *Gregory v. Thaler*, 601 F.3d 347, 352-53 (5th Cir. 2010). Second, an informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness. *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002), *cert. denied*, 537 U.S. 1018, 123 S.Ct. 549, 154 L.Ed.2d 424 (2002). Movant has simply failed to meet his burden of showing deficient performance or that this decision not to call Robert B. Dunham permeated the entire trial with obvious unfairness. His testimony in no way establishes that movant owned the land at issue and thus could have been determined by counsel to be unhelpful to the defense. Movant also cannot show prejudice for the same reason as there is no reasonable probability that the testimony of Robert B. Dunham would have made a difference in the outcome of the trial. *Bray v. Quarterman*, 265 Fed. Appx. 296, 298 (5th Cir. 2008). This claim is without merit and the objection is overruled.

*Ineffective Assistance of Counsel for Failure to Discover and Use the Carpenter Inventory List & the Results of the Title Search of Block 51*

Movant next argues the Magistrate Judge erred in finding movant failed to show ineffective assistance of counsel for failing to discover and use the Carpenter Inventory List and the Title Search of Block 51 at trial and failing to object to the alleged perjured testimony by Hunter Carpenter. As the Magistrate Judge correctly concluded, movant has failed to show the testimony was actually false. Furthermore, movant has failed to show this evidence was actually favorable to his defense as it does not establish he actually owned the property at issue. Movant cannot show prejudice and this objection is overruled.

*Ineffective Assistance of Counsel for Failure to Investigate and Adequately Argue Adverse Possession*

Movant continues to argue his counsel failed to adequately investigate and argue the defense of adverse possession despite record evidence showing his counsel succeeded in defeating a motion in limine regarding the use of such a defense, elicited direct and cross-examination testimony concerning this defense and obtained a jury instruction on adverse possession. All this despite the fact that movant and his wife had not "possessed" the property for even the minimum three year term. The Magistrate Judge delineated the record evidence supporting his counsel's performance on this issue and shows an in depth discussion on the record of the theory of adverse possession and its application in the present case. The record simply does not support movant's contentions.

Movant also continues to argue that his counsel failed to adequately cross-examine the government's expert on the use of a quit claim deed in adversely possessing someone's property and failed to obtain an instruction on this same issue. Movant points to Texas Civil Practice & Remedies Code 16.026 to support his proposition that under the ten-year statute of limitations, the laws of the State of Texas provide that a person is entitled to use a quit claim deed in adversely possessing someone's property. First, there was trial testimony elicited by the defense that they felt the quit claim deed they used was adequate in transferring title. This Court, like the

Magistrate Judge, however, cannot find any reference in this statute that a quit claim deed specifically is sufficient in supporting a theory that parties have adversely possessed property.[1] Regardless, movant and his wife had nothing close to the requisite 10 years of possession.T he application of this statute is less than clear given the underlying facts of this case. As such, movant has failed to show deficient performance and this objection is overruled.

*Ineffective Assistance of Counsel for Failing to Interview and Call Defense Witness Clifford Levias*

As outlined in the Report and Recommendation of United States Magistrate Judge, movant's attorney stated in his affidavit that Clifford Levias was interviewed and it was determined his testimony would not benefit movant's defense. Movant objects to the finding of the Magistrate Judge arguing movant's counsel's failure to interview and call Clifford Levias was still ineffective. Assuming *arguendo* that movant's counsel did not in fact interview Clifford Levias, movant cannot show prejudice. The testimony elicited by Clifford Levias would only address the interaction between himself, movant, Hunter Carpenter and the Hardin County Deputy who was called when Carpenter discovered movant was taking timber from the property at issue. Levias, a laborer who was cutting trees on the land, could not offer any competent testimony regarding the true ownership of the property and thus movant cannot show the outcome of his trial would have been different if Clifford Levias had been called as a witness. This objection is overruled.

*Ineffective Assistance of Counsel for Failing to Object to Prosecution's False and Prejudicial Statements*

Finally, movant argues the Magistrate Judge erred in finding his counsel was not ineffective in failing to object to various incidences of alleged prosecutorial misconduct. Movant, in essence, argues the prosecution misstated the law of adverse possession and contends his counsel should have objected to it. As the Magistrate Judge stated in his Report and

---

[1] Of more concern is the question of whether the specific quit claim deed used in this case attempting to convey the property from an unknown party to movant and his wife would be sufficient.

Recommendation, there is nothing to support movant's theory that the prosecution misstated the law of adverse possession. Counsel's failure to raise a meritless argument or file a meritless motion or objection cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue. *See United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999). Furthermore, the statements movant complains of were all supported by the record as movant asserted the defense of adverse possession. There is nothing in the record to suggest the statements were designed to inflame the passion or prejudices of the jury and this claim, therefore, is without merit and the objection is overruled. Movant has failed to show deficient performance and prejudice.

### Request for an Evidentiary Hearing

Movant argues the Magistrate Judge erred in recommending movant's motion to vacate, set aside, or correct sentence be denied without holding an evidentiary hearing. A movant is entitled to an evidentiary hearing on his motion unless "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. If, when the files and records of a case make manifest the lack of merit of a § 2255 claim or when on the record it can be concluded as a matter of law that a movant cannot prove an element necessary to establish a claim, then an evidentiary hearing is not necessary. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996); *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). As outlined above, the files and record of the case establish that movant's claims lack merit. Movant has failed to show he is entitled to an evidentiary hearing and this request is denied.

### ORDER

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

8

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issues of concern are subject to debate among jurists of reason or worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **12** day of **September, 2012.**

_____
Ron Clark, United States District Judge